UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PEACOCK, | No. 2:13-cv-02506 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| HOROWITZ, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se an in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Presently before the court is defendant's motion to dismiss, ECF No. 16.

**Plaintiff's Allegations**

Plaintiff alleges that since September 2007, he has suffered from and been treated for degenerative spinal issues that cause him to suffer "sever[e], debilitating pain, [r]equring daily treatment with pain medication, [p]hysical therapy, and surg[e]ry." ECF No. 1 at 6, ¶¶ 6-7.  He maintains that after his transfer to Mule Creek State Prison (MCSP) in January 2013, his previously approved and effective pain management treatment was discontinued and he was prescribed "a maintenance dose of methadone 5mg.  Which is such a low dose that it is equal to no treatment at all."  Id., ¶¶ 8-9.  He further alleges that defendant Horowitz has denied him effective treatment for his chronic pain, despite the fact that he repeatedly advised her of

1

methadone's ineffectiveness, and that she stated "'I won't put anyone on morphine and I don[']t give it out at this prison, I don[']t care what you used to get before.'" Id.  Defendant also allegedly stated that "'we can't allow you to be on ms contin at MCSP when no one else is allowed to'" and "that she doesn't want any inmate to be given narcotics." Id. at 15.  Plaintiff asserts that his medical condition constitutes a serious medical need, and that failure to treat his condition results in "[l]oss of [m]obility, muscle atrophy, and very severe pain," and affects his daily activities.  Id. at 7, ¶ 12.

## MOTION TO DISMISS

Defendant Horowitz moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant argues that plaintiff fails to state a claim against her upon which relief can be granted because allegations of medical malpractice or a disagreement over treatment are insufficient to support a claim under § 1983.  Motion to Dismiss (MTD), ECF No. 16-1 at 2.

**I.      Legal Standard for Motion to Dismiss under Fed, R. Civ. P. 12(b)(6)**

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396

U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations."

**II.    Inadequate Medical Care Claim**

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX

Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

### III.    Request for Judicial Notice

In considering the motion to dismiss, defendant has made two requests for judicial notice: (1) that MS Contin is the trademark name of a slow-release morphine sulfate tablet and (2) that methadone is a narcotic drug that is similar to morphine but stronger and of longer duration. ECF No. 17. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b); United States v. Bernal–Obeso, 989 F.2d 331, 333 (9th Cir.1993).

The court will take judicial notice of the first request; however, the second request raises conflicts with plaintiff's allegations that methadone had no effect and defendant's evidentiary showing arguably raises triable issues of disputed fact. Whether or not methadone in fact provided pain relief for plaintiff's pain treatment is not a matter appropriate for resolution under Federal Rule of Civil Procedure 12(b)(6). The court will therefore deny the second request for

4

judicial notice.

### IV. Plaintiff's Allegations State An Eighth Amendment Claim

Defendant's motion does not challenge that plaintiff has pled sufficient facts to allege a serious medical need. The question before the court is whether plaintiff has pled facts sufficient to allege that defendant Horowitz was deliberately indifferent to the alleged serious medical need. ECF No. 16-1 at 2-6.

Defendant argues that plaintiff's claims amount to a disagreement over treatment or, at most, medical negligence, neither of which states a claim of deliberate indifference. Id. While the court agrees that plaintiff does not have a constitutional right to choose his own medication and medical negligence is not deliberate indifference, the Eighth Amendment does protect plaintiff from the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Plaintiff has alleged that he suffers from a serious medical condition, and that defendant's decision to change his pain management treatment was made for purely non-medical reasons. ECF No. 1 at 6, 14-15. He claims that upon his transfer to MCSP defendant refused to continue him on MS Contin, not because she determined that it was medically unnecessary or that methadone was a more appropriate treatment, but solely because she had a policy of refusing to prescribe inmates with morphine. Id. Plaintiff has alleged that the alternative pain medication that the defendant prescribed was ineffective in treating his pain, to the point that it was "equal to no treatment at all." Id. at 6, ¶ 8. Moreover, he alleges that he "repeatedly" informed the defendant that the alternative pain medication offered no relief, and that she knew that to be the case but nonetheless refused to prescribe morphine, which had been previously approved and effective in managing his pain. Id., ¶¶ 7-9.

Defendant also argues that plaintiff's deliberate indifference claim is undermined by his statements and the exhibits to the complaint reflecting that he is receiving alternative medications to treat his pain. ECF No. 16-1 at 5-6. Defendant claims that this is especially true because methadone, the medication she prescribed plaintiff, is "more effective and more potent than morphine," the medication she discontinued. Id. at 4; ECF No. 20 at 2. However, as addressed in the denial of defendant's second request for judicial notice, defendant's arguments regarding the

efficacy of methadone raise potential issues of fact that are not properly resolved on a motion brought pursuant to Rule 12(b)(6).  Moreover, "[a] prisoner need not prove that he was completely denied medical care.  Rather, he can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment."  Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (citations omitted) (en banc).  Here, plaintiff alleges that defendant changed his approved pain management treatment for purely non-medical reasons then proceeded to ignore him when he advised her that the new treatment offered no relief.  ECF No. 1 at 6, ¶¶ 8-9.

Defendant's final argument is that the complaint admits that morphine was not medically necessary because plaintiff is able to perform daily activities, is functional on his current treatment plan, and has a Comprehensive Accommodation Chrono, which establishes that he is receiving treatment for his pain.  ECF 16-1 at 6 (citing ECF No. 1 at 20-21, 23-24).  However, these purported admissions are taken from the response to plaintiff's second level healthcare appeal.  They are not statements made by plaintiff and there is no indication that he has adopted these statements as true.  See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2nd Cir. 1995) (Rule 10(c) does not require "plaintiff to adopt as true the full contents of any document attached to a complaint or adopted by reference."); see also, Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 455 (7th Cir.1998) ("To conclude summarily, however, that letters written by Century Center represent the truth with regard to the defendants' intent simply because NIGOS attached them to its complaint for reasons unrelated to their truthfulness is inappropriate.").  Plaintiff's complaint specifically alleges that defendant removed him from morphine without any medical reason.  ECF No. 1 at 6, ¶ 9.

In her reply, defendant tries to bolster her argument that plaintiff has admitted that morphine was not medically necessary by arguing that plaintiff "reiterates in his opposition the accuracy of the information attached to his complaint as to his ability to mobilize and take care of the necessities of daily living."  ECF No. 20 at 2.  But though plaintiff's opposition may have verified that defendant accurately quoted the appeal, ECF No. 19 at 3, any implication that he was verifying the accuracy of the contents of the statements overreaches.  Plaintiff argued that defendant's statement was a "smokescreen" and that she was "minimizing" his condition,

indicating that he disagrees with the truth of the statements, id., which coincides with his allegations that he has suffered loss of mobility and muscle atrophy, ECF No. 1 at 7, ¶ 12.

Plaintiff does not explain why he attached the documents he did, but the court can imagine several reasons he may have done so -- such as to establish that he exhausted his administrative remedies -- that have nothing to do with the truth of the statements made therein. Based on the record before it, the court does not agree that the attachments to the complaint establish facts sufficient to contradict the allegations in the complaint.

Finally, the court also notes that plaintiff does not state that he is not an invalid, as defendant claims. ECF No. 20 at 2-3. And while it is not entirely clear what plaintiff meant when he stated that it "don't mean that a person got to be invalid," it appears from the context of the statement that he was not referring to himself specifically, but rather to inmates in need of pain relief generally. ECF No. 19 at 3. Even if plaintiff meant that he is not an invalid, as defendant suggests, that is not the same as an admission that the treatment he is receiving is effective or sufficient.

**V.     Conclusion**

At the pleading stage, the court must take as true the allegations in the complaint and construe the pleading in plaintiff's favor. Therefore, for the reasons set forth above, plaintiff has adequately alleged an Eighth Amendment violation and the motion to dismiss should be denied.

IT IS HEREBY RECOMMENDED that the motion to dismiss filed by defendant Horowitz (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: February 17, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE