UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PEACOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOROWITZ,<br><br>　　　　　Defendants. | No. 2:13-cv-2506 TLN AC P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 29.

　　　　Plaintiff appears to be under the impression that this case is currently set to proceed to trial. Id. He requests a trial date and appointment of counsel and states that he is "trying to get this as soon as possible, so if this court denie[s] plaintiff a [sic] counsel, plaintiff has alot [sic] to do, to prepare for trial." Id. Plaintiff's requests for a trial date and counsel to assist with trial are premature. Neither the discovery deadline nor the dispositive motions deadline has expired. ECF No. 26 at 5. This court previously advised that a trial date "will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion." Id. In other words, it will not be known whether this case will proceed to trial until after dispositive motions have been ruled on or the parties fail to file dispositive motions.

　　　　As a more general matter, the United States Supreme Court has ruled that district courts

1

lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 29) is denied.

DATED: July 16, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE