1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11     RICHARD PEACOCK,                          No.  2:13-cv-02506-TLN-AC

12                    Plaintiff,

13          v.                                    **ORDER**

14     HOROWITZ,

15                    Defendant.

16

17          This matter is before the Court pursuant to Defendant Dr. Horowitz's ("Defendant")

18     Motion for Court's Review of Clerk's Taxation of Costs.  (ECF No. 47.)  On September 23, 2016,

19     the Court entered judgment in favor of Defendant, and she timely submitted a Bill of Costs

20     supported with documentation of $1,189.84 incurred in connection with Plaintiff's deposition.

21     (ECF No. 45).  The Clerk's Bill of Costs Tax awarded approximately half of that amount,

22     disallowing the costs for the court reporter's deposition appearance fees, one copy of the

23     deposition transcript and processing, handling and delivery fees.  (ECF No. 46).  Defendant

24     moves this Court to review the Clerk's Bill of Cost because she asserts that all of her submitted

25     costs are recoverable under 28 U.S.C. § 1920.

26          Federal Rule of Civil Procedure 54(d)(1) and Eastern District of California's Local Rule

27     292(f) ("Local Rule 292") govern the taxation of costs, and other attorney's fees that are awarded

28     to the prevailing party in a civil matter.  *See Jones v. Cnty of Sacramento*, No. CIV S-09-1025

                                              1

DAD, 2011 WL 3584330, at *1 (E.D. Cal. Aug. 12, 2011).  This rule creates a presumption in

favor of awarding costs to the prevailing party, which can only be overcome when the Court

exercises its discretion to disallow costs for specific reasons, which may include punishing

misconduct by the prevailing party or nonpunitive but compelling equitable justifications.  *Ass'n*

*of Mexican–Am. Educators v. Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000).  Local Rule 292

mirrors the language of Federal Rule of Civil Procedure 54 and states that items taxable as costs

include:

> (1) Clerk's fees (28 U.S.C. §§ 1914, 1920(1));
>
> (2) Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the Marshal (28 U.S.C. §§ 1920(1), 1921);
>
> (3) Court reporter's fees (28 U.S.C. § 1920(2));
>
> (4) Docket fees (28 U.S.C. §§ 1920(5), 1923);
>
> (5) Fees for exemplification and copies of papers necessarily obtained for use in the action (28 U.S.C. § 1920(4));
>
> (6) Fees to masters, receivers, and commissioners (Fed. R. Civ. P. 53(a));
>
> (7) Premiums on undertaking bonds or security required by law or by order of the Court or necessarily incurred by a party to secure a right accorded in the action;
>
> (8) Per diem, mileage and subsistence for witnesses (28 U.S.C. § 1821);
>
> (9) Compensation of Court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services (28 U.S.C. §§ 1828, 1920(6));
>
> (10) Costs on appeal taxable in the District Court pursuant to Fed. R. App. P. 39(e); and
>
> (11) Other items allowed by any statute or rule or by the Court in the interest of justice.

Local Rule 292(f).  28 U.S.C. § 1920 is consistent with Local Rule 292(f) and states

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal;  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;  (3) Fees and disbursements for printing and witnesses;  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained

for use in the case;  (5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

Defendant seeks reimbursement for the cost of the original transcript plus one copy of

such transcript, as well as the deposition reporter's appearance fees and the costs of shipping and

handling.  (ECF No. 47 at 4.)  The Court addresses each request in turn.

Defendant asserts that the cost of the original and the copy of the transcript are

recoverable because the original transcript remains sealed and preserved for use at trial, *see* Fed.

R. Civ. P. 30(f)(1), and thus, parties are required to purchase a copy in order to use any portion of

the deposition transcript in connection with motions and to prepare in advance of trial, *see* E.D.

Cal. L. R. 133(j) (requiring a courtesy copy of transcript supporting a motion to be lodged with

the Court).  (ECF No. 47 at 4.)  Defendant contends that Plaintiff's deposition transcript was

utilized as evidence supporting her motion for summary judgment, and therefore the cost of the

original deposition transcript is recoverable as a "fee for printed or electronically recorded

transcripts necessarily obtained for use in the case" under 28 U.S.C. § 1920(2).   Additionally,

Defendant states that the cost for a copy of the deposition transcript is a "fee for exemplification

of and copies of papers necessarily obtained for use in the case," pursuant to 28 U.S.C. § 1920(4).

(ECF No. 47 at 4.)

This Court agrees.  The Ninth Circuit has held that the cost of an original deposition and

the copy of a deposition are recoverable under 28 U.S.C. § 1920(2) and (4), and further that an

additional copy of a deposition is recoverable as an exemplification under § 1920(4):

> The cost of deposition copies is "encompassed" by section 1920(2),
> and is therefore properly taxed under the *Crawford* and *Maxwell*
> holdings. In *Independent Iron Works*, 322 F.2d at 678, we held that
> the power to tax the expense of copies of depositions is "'implicit in
> 28 U.S.C.A. § 1920(2),'" (quoting *Perlman v. Feldmann*, 116
> F.Supp. 102, 109 (D. Conn. 1953)), "qualified only by the
> requirement of that statute that the various copies be 'necessarily
> obtained for use in the case.'" *Id*. We held that obtaining copies of
> depositions taken by the opposing party may be considered
> necessary in certain instances. *Id.* at 678–79.  We now hold that
> our interpretation in *Independent Iron Works*, that section 1920(2)
> encompasses the cost of a deposition copy, is still good law,
> because, even after *Crawford*, we may interpret the meaning of the

3

1  items enumerated as taxable costs in section 1920(2). Thus, here,
2  taxing costs for copies of depositions was proper since Alflex does
   not challenge the district court's finding that the deposition copies
3  were necessarily obtained.

4  . . .

5  the Fifth Circuit held that although section 1920 does not
   specifically mention depositions, courts have interpreted sections
6  1920(2) and 1920(4) to authorize taxing the costs of deposition
   originals and deposition copies if necessarily obtained for the case.

7

8  *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).  28 U.S.C. § 1920(2)

9  does not specify as to whether a party is limited to one deposition but only states that "[f]ees for

10  printed or electronically recorded transcripts necessarily obtained for use in the case" are

11  recoverable.  Moreover, Defendant's use of the transcript comports with subsection (4) allowing

12  recovery of "[f]ees for exemplification and the costs of making copies of any materials where the

13  copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Thus, Defendant is

14  owed reimbursement for the cost of the original transcript as well as one copy of such transcript.

15  As to Defendant's request for the reimbursement of the deposition reporter's appearance

16  fees and the costs of shipping and handling, the Court finds that those costs are also recoverable

17  as "court reporter's fees" under 28 U.S.C. § 1920(2) and Local Rule 292(f)(3).  Although this

18  Court is not aware of Ninth Circuit precedent that is directly on point, in *Held v. Held*, 137 F.3d

19  998, 1002 (7th Cir. 1998), the Seventh Circuit held that a deposition reporter's appearance fees

20  and the costs of shipping and handling are also recoverable under 28 U.S.C. § 1920(2) as "fees of

21  the court reporter."  Moreover, the Ninth Circuit has affirmed a district court's finding that "court

22  reporters' 'appearance fees' and 'delivery' or 'shipping' fees are encompassed in the phrase 'Fees

23  of the court reporter.'"  *Lahrichi v. Lumera Corp.*, No. C04-2124C, 2007 WL 1521222, at *8

24  (W.D. Wash. May 22, 2007), *aff'd*, 433 F. App'x 519 (9th Cir. 2011).  As such, the Court finds

25  that Defendant's requested reimbursement for the deposition reporter's appearance fees and the

26  costs of shipping and handling is reasonable and within the meaning of 28 U.S.C. § 1920(2) and

27  Local Rule 292(f)(3).

28  In sum, for the foregoing reasons, Defendant's Motion for Court's Review of Clerk's

4

1   Taxation of Costs (ECF No. 47) is hereby GRANTED.  The Bill of Cost is hereby amended,

2   increasing the costs awarded to Dr. Horowitz to $1,189.84, the full amount sought in her costs

3   bill.

4          IT IS SO ORDERED.

5   Dated: December 1, 2016

6

7   _____

8          Troy L. Nunley
           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28